Affirmed and Memorandum Opinion filed October 30, 2008









Affirmed and Memorandum Opinion filed October 30, 2008.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-07-00475-CR

_______________

 

SCOTT ANDERSON COPELAND, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 212th District Court

Galveston County, Texas

Trial Court Cause No. 04CR0826

                                                                                                                                               


 

M
E M O R A N D U M   O P I N I O N

A jury convicted Scott Anderson Copeland of capital murder,
and the trial court imposed an automatic life sentence.  On appeal, appellant asserts that the trial
court erred in overruling his objection to a statement made by the prosecutor
during voir dire and argues that the automatic life sentencing provisions of
the Texas Penal Code violate the United States and Texas constitutions.  We affirm.








I.  Background

Appellant has not challenged the sufficiency of the evidence
to support his conviction.  We therefore
discuss only those facts necessary to address appellant=s issues.

Appellant was indicted for the offense of capital murder,
alleged to have occurred on or about October 11, 2002.  The State did not seek the death
penalty.  Appellant pleaded not
guilty.  At the beginning of voir dire,
the trial judge explained to the venire panel that appellant was not required
to prove anything.  The judge informed
the venire panel that the burden of proof was on the State, and that this
burden required the State to prove its case to the jury beyond a reasonable
doubt.

Later, the prosecutor further discussed the burden of
proof.  He explained that the Court of
Criminal Appeals had eliminated the requirement that trial courts define the
terms Abeyond a reasonable doubt@ as follows:  AAnd there used to be a
definition.  The Court of Criminal
Appeals threw it out, says it was circular and nonsensical, but basically
whatever it means to you.@  Appellant=s trial counsel objected, stating AYour Honor, I object to that.  It=s not whatever it means to them.  It=s how the words are used and common
use [sic] by ordinary people in Texas.@ 
The trial judge overruled this objection.  Jury selection continued and a jury was
empaneled.








At trial, the State presented testimony from several
eyewitnesses to the robbery and murder that occurred on October 11, 2002 at
Murphy=s on Main, a bar located in LaMarque
in Galveston County.  According to the
eyewitnesses, two masked individuals holding guns entered the bar at around
10:45 p.m.  One of the gunmen held a gun
to the head of a bar employee and demanded money.  The employee complied by opening the cash
register, giving the cash to the gunman, and lying down on the floor as
directed.  Meanwhile, the other gunman
started to take money out of a tip jar, and two of the bar patrons intervened
to try to stop the robbery.  A scuffle
ensued; the decedent, Joe Morreale, grabbed a chair to assist, but one of the
gunmen shot him.  After the shooting, the
gunmen ran out of the bar and escaped in a car driven by a third person.

Several months transpired, and the LaMarque Police Department
was unable to develop any leads in the robbery and shooting.  But in January 2004, a Crimestoppers tip led
them to two suspects.  These suspects
were arrested, and they implicated appellant as the third person involved in
the robbery.  After officers found
appellant at his apartment in Houston, he agreed to accompany them to LaMarque
for questioning.  At the LaMarque police
station, appellant provided a videotaped statement, in which he admitted being
one of the armed gunmen involved in the robbery at the bar, but insisted that
he was not the one who shot Morreale. 
This videotaped statement was admitted and played before the jury. 

At the conclusion of the guilt-innocence phase, the trial
court submitted the charge to the jury. 
The jury found appellant guilty of capital murder as charged in the
indicment.  In accordance with the
sentencing provisions of the Texas Penal Code, the trial court assessed
punishment at confinement for life in the Texas Department of Criminal Justice,
Institutional Division.  This appeal
timely ensued.

II.  Issues Presented

In his first issue, appellant argues  the trial court erred by overruling his objection
to the prosecutor=s statement during voir dire that proof beyond a reasonable
doubt is Abasically whatever it means to you.@ 
In his second issue, appellant contends that Texas Penal Code section
12.31(b), requiring a mandatory life sentence without parole in capital cases
in which the State does not seek the death penalty, violates the Eighth
Amendment to the United States Constitution. 
Appellant asserts in his third issue that this section of the Penal Code
violates Article 1, section 13 of the Texas Constitution.








III.  Analysis

A.        Prosecutor=s Remarks During Voir Dire

In support of his first issue, appellant relies primarily on Wansing
v. Hargett, a habeas corpus case from the Tenth Circuit, to support his
contention that the prosecutor=s statement was erroneous. 
341 F.3d 1207 (10th Cir. 2003). 
But the Tenth Circuit reached this conclusion because AOklahoma courts discourage providing
a definition of reasonable doubt not because the term has a broad range of
meanings or because jurors are entitled to decide the meaning for themselves,
but because the term is >self-explanatory.=@ 
Id. at 1213.  Texas courts,
on the other hand, do not provide a definition of reasonable doubt because
jurors must determine what proof beyond a reasonable doubt means to them.  See Murphy v. State, 112 S.W.3d 592,
597 (Tex. Crim. App. 2003) (en banc).  A>As the trial judge himself explained
. . . early in his voir dire, an individual juror must determine what proof
beyond a reasonable doubt means for him, for the law does not tell him[.]=@ Id.  at 598B99 (quoting Garrett v. State,
851 S.W.2d 853, 859 (Tex. Crim. App. 1996) (en banc)).  Appellant has not shown, and we do not
discern, any meaningful distinction between this statement and the comment by
the prosecutor that reasonable doubt means Awhatever it means to you@ in this case.  Thus, we conclude the trial court did not
abuse its discretion[1]
in overruling appellant=s objection to this particular statement by the
prosecutor.  We therefore overrule
appellant=s first issue.

B.        Constitutionality
of Automatic Life Sentencing Provisions








An individual adjudged guilty of a capital felony in a case
in which the State does not seek the death penalty Ashall@ be punished by imprisonment for
life.  Tex. Penal Code Ann. ' 12.31(a) (Vernon 2003).  Under theses circumstances, a trial judge
must sentence the defendant to life imprisonment.  Tex.
Code Crim. Proc. Ann. art. 37.071, ' 1 (Vernon Supp. 2003).

Texas courts have consistently held that the life sentence
required under section 12.31 of the Penal Code is not unconstitutional under
either the Eighth Amendment of the U.S. constitution or Article I, section 13
of the Texas Constitution.  Cienfuegos
v. State, 113 S.W.3d 481, 495 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d (concluding mandatory life sentence
provisions of section 12. 31 of Texas Penal Code are not unconstitutional under
U.S. or Texas constitutions); Barnes v. State, 56 S.W.3d 221, 239 (Tex.
App.CFort Worth 2001, pet. ref=d) (AIt is well settled that a mandatory
life sentence for the offense of capital murder is not unconstitutional.@); see also Thomas v. State,
No. 14-06-00066-CR, 2007 WL 2238890, at *5 (Tex. App.CHouston [14th Dist.] Aug. 7, 2007,
pet. ref=d) (mem. op., not designated for
publication) (determining that mandatory life sentence provision was not unconstitutional
when applied to a 17-year-old defendant). Likewise, the United States Supreme
Court has held that a mandatory life sentencing provision does not violate the
Eighth Amendment.  See Harmelin v.
Michigan, 501 U.S. 957, 995 (1991) (holding that mandatory life sentence
imposed on defendant for possessing 672 grams of cocaine did not violate the
Eighth Amendment to the U.S. Constitution). 








Despite this uncontroverted authority, appellant contends
that the United States Supreme Court=s decision in United States v.
Booker, 543 U.S. 220 (2005), provides a basis to revisit this well-settled
issue.  We disagree.  The constitutional issue in Booker
involved the interplay between the Sixth Amendment to the United States
Constitution and the statutory Federal Sentencing Guidelines.[2]   See id. at 226B27. 
According to the Federal Sentencing Guidelines, a judge was required to
depart from the sentence authorized by the jury=s verdict when the judge found
certain facts by a preponderance of the evidence.  See id.  The Supreme Court determined that this mandate
ran afoul of the Sixth Amendment=s requirement of a trial by
jury.  See id.  But the mandatory life sentencing provisions
of the Texas Penal Code do not present this Constitutional issue because the
trial court is not required to depart from the sentence authorized by the jury=s verdict.  Thus, Booker provides no basis upon
which to revisit this issue.  For these
reasons, we overrule appellant=s second and third issues. 

IV.  Conclusion

Having overruled each of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed October 30, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Brown .

Do Not Publish C Tex.
R. App. P. 47.2(b).











[1]  A trial court maintains broad discretion over the voir
dire process.  Hankins v. State,
132 S.W.3d 380, 384 (Tex. Crim. App. 2004). 





[2]  In contrast, appellant=s
complaints are based on the Eighth and Fourteenth Amendments of the United
States Constitution and Article 1, section 13 of the Texas Constitution.